IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**OSVALDO JOSE LOPEZ HERRERA,**

    **Petitioner,**

v.                 **CRIMINAL ACTION NO. 2:13cr122**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

  Before the Court is Petitioner Osvaldo Jose Lopez Herrera's ("Petitioner") Motion for Compassionate Release. ECF Nos. 275, 276, and 282. For the reasons stated below, Petitioner's Motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

  On September 18, 2013, Petitioner was named in a multi-count indictment for criminal conduct associated with the unlawful distribution of Schedule I narcotics. ECF No. 3. On March 23, 2015, Petitioner pleaded guilty to Count 1 of the superseding indictment, charging Petitioner with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952, 959, 960, and 963 and 18 U.S.C. § 2. ECF No. 146. In furtherance of the underlying offense, Petitioner and various co-conspirators were involved in a cocaine transportation scheme from Columbia to the United States from as early as 2009 through and after his arrest in 2013. ECF No. 278. On June 24, 2015, this Court sentenced Petitioner to a term of 156 months imprisonment for Count 1. ECF No. 181. Petitioner's sentence was subsequently reduced to 117 months. ECF No. 241.

1

To date, Petitioner has served approximately 71 months of his 117-month sentence, which equates to roughly 70%. ECF No. 282 at 1. On March 9, 2020 and October 2, 2020, Petitioner requested compassionate release from the Bureau of Prisons (the "BOP") due to the ongoing pandemic caused by COVID-19 . *Id*. at 2. Thirty days have passed since the October 2nd Request, and Petitioner has not received a response from the BOP. *Id*. Regarding the March 9th Request, the Warden at FCC Oakdale denied Petitioner's request on March 19, 2020. *Id*.; ECF No. 281-1.

On June 23, 2020, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No.275. Petitioner filed a renewed Motion for Compassionate Release on October 16, 2020. ECF No. 276. The Court then ordered the appropriate responses on October 22, 2020. ECF No. 277. Petitioner, through counsel, responded to the Court's Order on December 9, 2020 by supplementing Petitioner's motion. ECF No. 282. Petitioner also filed a copy of his medical records, indicating that Petitioner has a history of sarcoidosis, hypertension, and hyperlipidemia, among several additional ailments. ECF No. 285. The Government responded in opposition to Petitioner's Motion on December 7th and December 10th, 2020. ECF Nos. 281 and 284. Petitioner did not file a reply. This matter is now ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a

motion before the district court. *Id*. Courts may, however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see*

3

*also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

**A. The Exhaustion Issue**

The Court finds that Petitioner submitted two requests for compassionate release to the BOP on two occasions, March 9, 2020 and October 2, 2020. ECF No. 282 at 2. The Warden of his corrections facility subsequently denied Petitioner's March 9th Request and no response was provided for the October 2nd Request. *Id.*; ECF No. 281-2. Accordingly, Petitioner has satisfied the exhaustion requirements within § 3582(c)(1)(A). Furthermore, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Therefore, although the Court could waive the exhaustion requirement based upon the ongoing threat that COVID-19 imposes, waiver is not necessary since Petitioner meets the requisite exhaustion requirements.

**B. Resolution of the Defendant's Request for Compassionate Release**

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner was convicted for his conduct in furtherance of a cocaine importation conspiracy, in violation of 21 U.S.C. § 963. At all times throughout the conspiracy, Petitioner operated as a cocaine transporter but did not use, brandish, or otherwise maintain a firearm in furtherance of the underlying offense. ECF No. 278. Additionally, the Court considers that after almost six years of incarceration for the present offense, Petitioner maintains no disciplinary infractions on his record. ECF No. 282-3. The Court also considers that Petitioner has participated in several rehabilitative programs such as discipleship, safety, and finances, preparing Petitioner to positively contribute to society upon reintegration. *Id*. To date, Petitioner is 43 years old and has served over seventy percent of his 117-month sentence.

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *See United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner offers his sarcoidosis, hypertension, and hyperlipidemia as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 282.

Upon review, Petitioner is particularly vulnerable to COVID-19. According to Petitioner's medical records, Petitioner suffers from sarcoidosis which causes Petitioner to endure chronic lung disease. ECF No. 282 at 9; ECF No. 285. The CDC lists chronic lung disease as a condition that

5

"might increase your risk of severe illness from COVID-19."[1] Furthermore, the CDC also lists hypertension as a condition that indicates Petitioner "might be at an increased risk of severe illness."[2]

According to his medical records, Petitioner is experiencing severe lung complications. After a pulmonology in July 2020, one doctor indicated as follows:

> Findings:
> Reticulonodular interstitial type infiltrate persists throughout the mid and upper lungs bilaterally. The heart and mediastinum are within normal limits for size. Reticulonodular interstitial infiltrates have worsened compared to the prior examination.
>
> Impression: Worsening reticular nodular interstitial infiltrates in the lungs bilaterally. Differential considerations includes a worsening pattern of nonspecific interstitial pneumonitis.

ECF No. 285 at 14. During the COVID-19 pandemic, federal courts across the country have held that compassionate release is justified under circumstances similar to that of Petitioner. *United States v. Woodard*, 2020 WL 3528413 at *3 (E.D. Va. Jun. 26, 2020) ("Because Petitioner is extremely vulnerable to COVID-19, retaining him in prison… at the risk of increasing his exposure to a fatal viral infection does not serve the § 3553(a) factors and implicates an extraordinary and compelling reason for release."); *United States v. Zukerman*, 2020 WL 1659880, at *6 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release because "[w]hen the Court sentenced Zukerman, the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic (internal quotation marks and citation omitted)); *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020) (finding extraordinary and compelling reasons where defendant has "diabetes, a serious medical condition which substantially

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[2] *Id*.

increases her risk of severe illness if she contracts COVID-19" (internal quotation marks, citation, and alteration omitted)); *United States v. Rodriguez*, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("In the absence of a deadly pandemic that is deadlier to those with Mr. Rodriguez's underlying conditions, these conditions would not constitute 'extraordinary and compelling reasons.' It is the confluence of COVID-19 and Mr. Rodriguez's health conditions that makes this circumstance extraordinary and compelling." (citations omitted)); *see also United States v. Jepsen*, 2020 WL 1640232 (D. Conn. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155 (E.D. Wash. Mar. 31, 2020); *United States v. Muniz*, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020).

While Petitioner's conduct and criminal history have not changed, he is under extreme threat from a virus that may be fatal should he contract it. Furthermore, the Court notes there is growing evidence of the BOP's mismanagement of its vulnerable population during the COVID-19 pandemic. *See Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the "unacceptable" percentage of positive tests at FCI Elkton and BOP's "ineffective[ness]…at stopping the spread"). There, the *Wilson* court criticized the BOP for having "made only minimal effort to get at-risk inmates out of harm's way." *Id.* at *2.

Upon release, Petitioner is required to return to the custody of the United States Immigration and Customs Enforcement as Petitioner is not a U.S. citizen. Although Petitioner's original sentence was lawfully imposed in accordance with the § 3553(a) factors, serious illness and the potential for an accelerated death was decidedly *not* among the reasons for it. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic"). Accordingly, the Court believes Petitioner's conduct

7

may be adequately addressed with a sentence of time served and Petitioner's prompt return to Columbia, his country of citizenship. This will diminish his risk of infection under BOP custody without overlooking the serious nature of the offense at issue. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Under the circumstances, this penalty is sufficient but not greater than necessary for an individual with diminishing physical health.

Because Petitioner is vulnerable to COVID-19, retaining him in prison simply to serve a higher percentage of his sentence at the risk of increasing his exposure to a fatal viral infection does *not* serve the § 3553(a) factors and implicates an extraordinary and compelling reason for release. The Court FINDS that Petitioner's underlying health conditions, in the wake of an ongoing COVID-19 pandemic, present an extraordinary and compelling reason for relief from Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to **TIME SERVED**. The Bureau of Prisons **MAY** place Petitioner in quarantine and **SHALL** release Petitioner to the custody of the United States Immigration and Customs Enforcement within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED**.

Norfolk, Virginia
January  13, 2021

_____
UNITED STATES DISTRICT JUDGE